J-S28035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMILY SUE BLEILER | : | |
| | : | |
| Appellant | : | No. 432 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 9, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002085-2021

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:

**FILED: DECEMBER 9, 2022**

The obstruction statute requires proof that the defendant intentionally "obstruct[ed], impair[ed], or pervert[ed] the administration of law or other governmental function," and did so by one of several means: "force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act[.]"[1] 18 Pa.C.S. § 5101.

Here, the evidence, viewed in the light most favorable to the Commonwealth as verdict-winner, showed that Emily Sue Bleiler closed the front door to a house while a police detective was inquiring about whether a

---

[1] With an exception: "[T]his section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions." 18 Pa.C.S. § 5101.

missing juvenile was inside, and then lied to the detective about the juvenile's presence in the house. Although the trial court refused to say whether it was Bleiler or someone else who closed the door,[2] Bleiler does not challenge that failing and concedes that it was she who closed the door. ***See***, ***e.g.***, Bleiler's Br. at 6, 8.[3]

Regarding Bleiler's arguments before this Court, I agree with the majority that they lack merit. The detective was permissibly on the front steps where he could see into the house through the open front door. He did not need a warrant to do so. Bleiler's closing of the door constituted a "physical interference or obstacle," and her lying about the juvenile's presence in the house showed her specific intent to obstruct, impair, or pervert the administration of law. Whether or not she could lawfully close the door under other circumstances, doing so here amounted to obstruction.

_____

[2] ***See*** Trial Court Opinion, Mar. 31, 2022, at 4 ("Defendant may not have been the one to actually close the door on the officer. . . .").

[3] "The Commonwealth failed to present any evidence that Ms. Bleiler's actions in closing the door on the police officer actually obstructed, impaired, or perverted the administration of law or government as the officer had no lawful right to enter the home and, moreover, the teenager in question was recovered shortly thereafter by the officer simply calling out to the teenager to exit the home." Bleiler's Br. at 8.